**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTONIO ALDACO-LUGO,<br><br>    Defendant. | No. CR 09-1634-TUC-CKJ<br><br>**ORDER** |

On or about June 8, 2010, Magistrate Judge Charles R. Pyle issued a Report and Recommendation [Doc. # 105] in which he recommends the Court deny the Motion to Suppress Statements [Doc. # 37] filed by Defendant Antonio Aldaco-Lugo ("Aldaco-Lugo"). The Report and Recommendation notified the parties that they had fourteen days to file any objections. Aldaco-Lugo has filed an objection. A response and a reply have been filed.

Aldaco-Lugo's Motion for Judicial Notice of Adjudicative Facts [Doc. # 112] is also pending before this Court. The government has not filed a response. Aldaco-Lugo has requested oral argument; however, the Court declines to schedule this matter for oral argument.

*Motion for Judicial Notice of Adjudicative Facts*

Aldaco-Lugo has requested this Court to take judicial notice of the causes and signs of heat exhaustion and heat stroke. The government has not filed a response. The Court accepts the non-response as consent to the granting of the motion. *See* L.R.Civ. 7.2(i); L.R.Crim. 12.1. In resolving the issues discussed in this Order, the Court will take judicial

notice of the causes and signs of heat exhaustion and heat stroke as set forth in Cecil's Essentials of Medicine, 2nd Ed., 1990, as provided to the Court by Aldaco-Lugo.

*Report and Recommendation*

The Report and Recommendation determined that agents apprehended Aldaco-Lugo near a blue-flagged water barrel. The agents questioned Aldaco-Lugo without advising him of his *Miranda* rights:

> Without Mirandizing the Defendant, agents questioned Defendant where he was from and whether he entered the U.S. illegally. (TR p. 29). The agents also asked questions necessary to fill out the field version of the Form 826: his name, his citizenship, date and place of birth, parents' names, whether he understands or reads in Spanish, and the place of entering the border. (TR p. 31-33). Agent Rodriguez wrote down Defendant's answers in the Border Patrol Form 826 which the defendant refused to sign. (TR p. 32). Defendant responded by providing a false name ("Jose Lopez-Lopez"), providing a false date of birth and place of birth in Mexico, stating he was a Mexican citizen and that he entered a few days earlier by crossing the border west of their present location. (TR p. 38).

Report and Recommendation, pp. 2-3. The Report and Recommendation further summarized the testimony that the agents had been wearing uniforms, the agents' service weapons were exposed but not out, the agents questioned Aldaco-Lugo with a soft tone without any coercion, Aldaco-Lugo was compliant, and, had Aldaco-Lugo wanted to walk away, the agents would have stopped him. The magistrate judge determined that the agents' questions regarding "Defendant's citizenship, date and place of birth, parents' names, up to and including the question if he was

in the U.S. illegally, were part of the *Terry* stop and did not require *Miranda* warning." *Id*., at 4.

The magistrate judge also discussed the testimony that it was hot and Aldaco-Lugo was not perspiring. The magistrate judge pointed out, however, that neither expert testimony nor evidence of other symptoms was presented. The magistrate judge concluded that "[t]he testimony concerning lack of perspiration (TR 44-45), unsupported by any other evidence of significant physical or mental distress, is inadequate to establish that the statements made were involuntary or unreliable." *Id.*, at 5. The magistrate judge also determined that there

- 2 -

was no evidence of coercion by the agents and that the statements were voluntarily, knowingly, and intelligently made.

*Objections Filed by Aldaco-Lugo*

Aldaco-Lugo objects to the finding that the agents were permitted to question Aldaco-Lugo about his citizenship and whether he was legally present in the United States, objects to the finding that the encounter was a *Terry* stop, and objects to the finding that Aldaco-Lugo's statements were made voluntarily, knowingly, and intelligently. Aldaco-Lugo also asserts that 18 U.S.C. § 3051 was not complied with in this case.

*United States v. Cervantes-Flores and Questioning During Investigatory Stop*

The magistrate judge compared the facts of this case with *United States v. Cervantes-Flores*, 421 F.3d 825 (9th Cir. 2005), *overruled on other grounds*, in which the court determined that an agent's questions about a defendant's citizenship, permission to be in the United States, and how defendant had crossed the border to be permissible without advising the defendant of his *Miranda* rights. Aldaco-Lugo objects to the reliance on *Cervantes-Flores* because it has been overruled. However, while other issues in *Cervantes-Flores* have been overruled, *see e.g., United States v. Orozco-Acosta*, — F.3d —, 2010 WL 2293281 (9th Cir. June 9, 2010), *Cervantes-Flores* has not been overruled on the issues relating to questions during an investigatory stop of whether an individual is in the country illegally.

The Fourth Amendment prohibition against unreasonable searches and seizures extend to brief investigatory stops of persons or vehicles. *Terry v. Ohio*, 392, US. 1, 9 (1968). An investigatory stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). This "reasonable suspicion" must consist of specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity. *Cortez*, 449 U.S. at 416-18. Aldaco-Lugo asserts that, considering the totality of circumstances, however, the encounter between himself and the agents was a full arrest from

the time "Agent Dominquez exited the patrol car and ran after the fleeing Aldaco-Lugo[.]" Objections, p. 2.

However, this Court agrees with the comparison to *Cervantes-Flores* and analysis completed by the magistrate judge. Just as in this case, the defendant in *Cervantes-Flores* had attempted to flee and had been apprehended in an area known as a smuggling route or near the international border. Moreover, the agents in both cases asked questions that "were reasonably limited in scope to determining whether [Aldaco-Lugo] had crossed the border illegally." *Cervantes-Flores*, 421 F.3d at 830. Moreover, unlike *Cervantes-Flores*, there is no evidence before the Court that Aldaco-Lugo had been handcuffed during the encounter with the agents. The Court finds the agents conducted a *Terry* stop of Aldaco-Lugo and the questions asked of him did not require *Miranda* warnings. Further, the Court agrees with the magistrate judge that, once Aldaco-Lugo stated that he entered the United States illegally, the agents had probable cause to arrest the Defendant. Therefore, any subsequent questions constituted custodial interrogation and required *Miranda* warnings; any such statements shall be suppressed.[1]

*Voluntariness of Statement*

The government must prove the voluntariness of a confession by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489, 920S.Ct. 619, 30 L.Ed.2d 618 (1972). An involuntary confession is never admissible. *Mincey v. Arizona*, 437 U.S. 385, 398, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *Pollared v. Galaza*, 290 F.3d 1030, 1033 (9th Cir. 2002). "A confession is involuntary if coerced either by physical intimidation or psychological pressure." *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003). "In determining whether a defendant's confession was voluntary, 'the question is "whether the defendant's will was overborne at the time he confessed."'" *United States v. Crawford*, 372 F.3d 1048, 1060

---

[1] The Court notes that the Report and Recommendation indicates that the AUSA conceded this point and the government did not file an objection to this conclusion of the magistrate judge.

- 4 -

(9th Cir. 2004), (en banc) (citations omitted); *United States v. Harrison*, 34 F.3d 886, 890 (9th Cir. 1994) (*quoting United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988) (The test for voluntariness is whether, viewing the totality of circumstances, "'the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.'"). "Whether a confession is voluntary is determined under the totality of the circumstances, which include 'the crucial element of police coercion; the length of the interrogation; its location; its continuity; the defendant's maturity; education; physical condition; and mental health.'" *Taylor v. Maddox*, 366 F.3d 992, 1015-16 (9th Cir. 2004) (*quoting Withrow v. Williams*, 507 U.S. 680, 693, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *see also Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (coercive police conduct is a "necessary predicate" for a finding of involuntariness).

Aldaco-Lugo objects to the finding that Aldaco-Lugo's statements were made voluntarily, knowingly, and intelligently. The magistrate judge discussed the testimony that it was hot and Aldaco-Lugo was not perspiring. Although the Court has taken judicial notice of the causes and signs of heat exhaustion and heat stroke, no evidence was presented that the symptoms evidenced by Aldaco-Lugo (i.e., lack of perspiration) were related to heat stroke or heat exhaustion. Moreover, no evidence of other signs of heat exhaustion or heat stroke (e.g., giddiness, fever, delirium, confusion) was presented. The acceptance of the judicially noticed facts does not provide evidence that Aldaco-Lugo suffered from heat stroke or heat exhaustion.

The limited symptoms of heat stroke or heat exhaustion belie Aldaco-Lugo's assertion that the agents knew or should have known that Aldaco-Lugo was exhibiting signs of heat stroke or heat exhaustion.[2] Indeed, where there is no basis to conclude that the agents knew

---

[2] The Court notes that although counsel for Aldaco-Lugo argued that Aldaco-Lugo suffered from other symptoms (e.g., weak, disoriented, lethargic), no such evidence was presented. Moreover, evidence was presented that Agent Dominguez first saw Aldaco-Lugo near the water barrels. In fact, Agent Rodriguez testified that Aldaco-Lugo did not have a shirt on and was tired – or so the agent guessed because Aldaco-Lugo was drinking water. However, evidence was presented that this incident occurred while there was a full sun, at approximately

- 5 -

or should have known that Aldaco-Lugo was possibly exhibiting signs of heat stroke or heat exhaustion, the agents could not have coercively exploited something they were unaware existed, since the "crucial element of police overreaching" necessary for a finding of official coercion. *Connelly*, 470 U.S. at 163-64.

The Court considers the totality of the circumstances of Aldaco-Lugo's statements. The crucial element of police coercion is not present in this case. Moreover, although the questioning took place in the sun, it does not appear the limited questioning was lengthy. There is no evidence before the Court as to how Aldaco-Lugo's maturity or education affected the voluntariness of Aldaco-Lugo's statements. Lastly, although the Court considers that Aldaco-Lugo *may* have been suffering physical or mental effects from the heat, the Court agrees with the magistrate judge that Aldaco-Lugos's claims have not been supported by evidence of significant physical or mental distress. The Court finds the evidence establishes, by a preponderance of the evidence, that the statements were voluntarily given.

*18 U.S.C. 3501*

Generally, 18 U.S.C. § 3501 requires a trial judge to consider all circumstances surrounding the giving of a confession. However,

> [n]othing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at any time at which the person who made or gave such confession was not under arrest or other detention.

18 U.S.C. § 3501(d). The Court having determined that Aldaco-Lugo was not under arrest at the time of his statements, consideration of 18 U.S.C. § 3501 is not appropriate.

Accordingly, IT IS ORDERED:

1. The Motion for Judicial Notice of Adjudicative Facts [Doc. # 112 ] is GRANTED.

---

1:30 in the afternoon of July 8, 2009, and Agent Rodriguez testified that Aldaco-Lugo stated that he had been "out here for a couple days[.]" TR, p. 29.

2. The Report and Recommendation [Doc. # 105] is ADOPTED.

3. The Motion to Suppress Statements [Doc. # 37] is DENIED.

DATED this 7th day of July, 2010.

_____
Cindy K. Jorgenson
United States District Judge